UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NATALIE CALVELLO,

        Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner
of Social Security

        Defendant.

05 Civ. 4254 (SCR) (MDF)

MEMORANDUM ORDER
ADOPTING REPORT &
RECOMMENDATION

---

**STEPHEN C. ROBINSON, UNITED STATES DISTRICT JUDGE.**

Natalie Calvello filed this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking review of the final decision of the Commissioner of Social Security (the "Commissioner"), who found that she was not entitled to childhood disability benefits or supplemental security income ("SSI") benefits under the Social Security Act (the "Act"). Ms. Calvello and the Commissioner have filed cross-motions for judgment on the pleadings under Rule 12(c). This matter was referred to United States Magistrate Judge Mark D. Fox, who has issued a Report and Recommendation regarding these motions. Judge Fox has recommended that Ms. Calvello's action be dismissed because the Commissioner's decision regarding her claim is supported by substantial evidence.

Ms. Calvello has filed objections, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), to Judge Fox's Report and Recommendation; the Commissioner has filed a response to those objections.

For the reasons set forth in this Memorandum Order, the Court adopts the Report and Recommendation.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

## I. Standard of Review

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C §636(b)(1)(C). To accept a Report and Recommendation to which no timely objection has been made, a district court need only satisfy itself that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted). A party may file "*specific* written objections," Fed. R. Civ. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and, in that case, the district court has an obligation to make a de novo determination as to those portions of the Report and Recommendation to which objections were made. 28 U.S.C. 636(b)(1); *Grassia v. Scull*, 892 F.2d 16, 19 (2d Cir. 1989). The phrase "de novo determination" in section 636(b)(1)—as opposed to "de novo hearing"—was used by Congress "to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980). A district court may, in its sound discretion, afford a degree of deference to the Magistrate Judge's Report and Recommendation. *Id.*

A district court may set aside the Commissioner's determination that a claimant is not disabled only if it finds that the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. *Tejada v. Apfel*, 167 F.3d 770, 773 (2d Cir. 1999). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## II. Ms. Calvello's Objections and the Commissioner's Responses

Ms. Calvello has made several, general objections regarding the Magistrate Judge's recommendation. She believes that the recommendation is based upon legal error because activities such as light housework, school and visiting friends provide little or no support for the finding that a social security claimant can perform full-time competitive work, and therefore the evidence regarding her ability to engage in these activities does not support the Commissioner's ruling. In particular, Ms. Calvello points to the record evidence showing that she requires an extraordinary degree of structure, supervision, and assistance to perform a full range of sedentary work. Moreover, according to Ms. Calvello, the state agency psychiatric consultant, Dr. James Alpert, noted that she had significant limitations because of her mental impairments, which the Commissioner did not consider properly. Finally, Ms. Calvello submits that the administrative law judge ("ALJ") did not provide a rational basis for the finding that the limitations specified in the record were not disabling.

## III. Discussion

This Court has reviewed Judge Fox's comprehensive and well-reasoned Report and Recommendation and has determined that there is no clear legal error on the face of the record. Additionally, this Court has considered Ms. Calvello's objections to the Report and Recommendation and has determined, after a *de novo* review, that the Report and Recommendation is correct with respect to those aspects to which she objects. Accordingly, this Court adopts the Report and Recommendation.

The Commissioner's policy regarding persons with mental impairment that are not of listing severity provides that the "final consideration is whether the person can be expected to perform unskilled work":

> The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting. A substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base.

Social Security Ruling, 85-15, 1985 WL 56857 (S.S.A. 1985) at *4.

The ALJ concluded that Ms. Calvello had the mental ability to "understand, remember, and carry[] out simple instructions" and use "judgment for simple tasks." Report at 22. Contrary to Ms. Calvello's objections, the record establishes that the ALJ's decision is supported by substantial evidence. Although Dr. Alpert noted that Ms. Calvello had moderate difficulties in maintaining concentration, persistence, or pace and also moderate difficulties in maintaining social functioning, he concluded that Ms. Calvello's anxiety disorder and ADHD failed to meet the criteria for establishing a disability under the regulations. In addition, after reviewing Ms. Calvello's medical history, reports from medical sources, including her treating psychologist, Dr. Alpert concluded that she has the "mental residual capacity to carry out work procedures at a consistent pace" and that she could "relate adequately to coworkers and supervisors[] in a low contact setting." Report at 9-10. The ALJ considered that Ms. Calvello required supportive services to attend college and maintain a passing GPA. Given the other evidence in the record, however, the ALJ reasonably concluded that Ms. Calvello had the mental ability to "understand, remember, and carry[] out simple instructions" and use "judgment for simple tasks." Report at 22. This conclusion is further supported by Ms. Calvello's average range full scale IQ score, Dr. George Popper's conclusion that, "[w]ith appropriate training, [she] could be self-sufficient and

competitively employable," report at 9, and the testimony of Ms. Calvello and her mother regarding Ms. Calvello's daily activities and school work.[1] Consequently, the Court determines that the ALJ provided a rational basis for the finding that the moderate limitations indicated in the record were not disabling.

## Conclusion

The Court has reviewed Judge Fox's comprehensive and well-reasoned Report and Recommendation and has determined that there is no clear legal error on the face of the record. The Court also has considered Ms. Calvello's objections to the Report and Recommendation and has determined, after a *de novo* review, that the Report and Recommendation is correct with respect to those aspects to which she has objected. For the reasons stated in this Memorandum Order, this Court adopts the Report and Recommendation.

The Clerk of the Court is directed to close this case, including docket entries 11 and 14. *It is so ordered.*

Dated: October 1, 2008

White Plains, New York

Stephen C. Robinson
United States District Judge

---

[1] Neither of the cases cited by Ms. Calvello—*Harris v. Sec'y of Dep't of Health and Human Servs.*, 959 F.2d 723, 726 (8th Cir. 1992), and *Thomas v. Sullivan*, 876 F.2d 666, 669 (8th Cir. 1989)—support the proposition that an individual's ability to achieve passing grades in college does not support a finding that she can perform competitive unskilled work.